```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | |
|---|---|
| ROBERT ROBERTS,           * | |
| Plaintiff,                * | |
| vs.                       * | CASE NO. 4:05-CV-44(CDL) |
| RICI EDWARD LUCAS         * | |
| Defendant.                * | |

## O R D E R

Presently pending before the Court is Defendant's Motion for Summary Judgment (Doc. 23). For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

## BACKGROUND

Plaintiff is Defendant's former father-in-law: Defendant was married to Plaintiff's daughter, Christin Glynn, until their divorce in 2000. Plaintiff asserts claims against Defendant for alleged violations of the federal wiretapping statute. *See* Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 et seq. Specifically, Plaintiff contends that Defendant recorded several telephone conversations between Plaintiff and third parties without the consent of either party.

It is undisputed that Defendant placed a recording device on his home telephone during his marriage to Ms. Glynn. Defendant contends that the device was open and visible and that its purpose was to record certain business-related conversations. Plaintiff asserts that in addition to the openly visible recording device, Defendant also placed a secretive, hidden recording device on his telephone and recorded all incoming and outgoing conversations. Between December

1998 and April 1999, while the recording device was installed on Defendant's telephone, Plaintiff made numerous telephone calls to that telephone and spoke with his daughter and grandson. Plaintiff contends that these conversations were recorded by Defendant without his consent. Defendant denies having recorded a telephone conversation of Plaintiff. In support of his contention that such a recording was made, Plaintiff points to an entry in Defendant's journal, which Plaintiff received from Ms. Glynn. That entry reads: "having that tape recorder on the phone was the best thing and the worst thing I have ever done. Listening to what people actually think about you is quite painful. Even though I knew Papa and Grammy didn't agree with the way I thought the kids should be raised, it was still a shock to hear myself being vilified on the phone." Plaintiff also presented evidence that Defendant showed Ms. Glynn "a shoebox full of audiotapes" and that he allowed her to listen to two of the tapes, which contained "hours and hours of conversation between individuals." These tapes reviewed by Ms. Glynn did not contain any recordings of Plaintiff.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The summary judgment movant has the burden to show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). *See also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608

(11th Cir. 1991). When, as here, the nonmoving party has the burden of proof at trial, the moving party may meet his burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the moving party's burden is met, the burden shifts and the nonmoving party must produce evidence to show that there *is* a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 324; *Clark*, 929 F.2d at 607-608. In other words, if the moving party shows that the nonmoving party, who has the burden at trial, will be unable to establish an essential element of his case, the nonmoving party must respond with evidence sufficient to create a genuine issue of material fact on that essential element. When the combined body of evidence is presented, the movant should be granted summary judgment only if the evidence, viewed in the light most favorable to the nonmoving party, would not permit a reasonable jury to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

## DISCUSSION

The federal wiretapping statute generally prohibits the intentional interception, disclosure, or use of "any wire, oral or electronic communication." 18 U.S.C. § 2511. The statute provides for a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520. Here, Plaintiff claims that Defendant intercepted[1] his telephone

---

[1] Plaintiff claims that his telephone conversations were intercepted, but he does not appear to contend that they were disclosed or used.

conversations. A telephone conversation is considered a "wire communication."[2] *Briggs v. American Air Filter Co., Inc.*, 630 F.2d 414, 417 (5th Cir. 1980)[3]; *see* 18 U.S.C. § 2510(1). "Intercept" means "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Thus, for Plaintiff's claim to survive summary judgment, the Court must find that there is sufficient evidence to show that Plaintiff's communications were indeed intercepted by Defendant through the means of an electronic, mechanical, or other device.

Here, Defendant argues that Plaintiff has not offered evidence sufficient to prove that his telephone conversations were actually intercepted by Defendant. The Court agrees. Although Plaintiff's evidence shows that Defendant installed a recording device on his home telephone and may have recorded some telephone conversations using that device, it does not establish that he intercepted any of *Plaintiff's c*onversations. Plaintiff contends that the journal entry shows that Defendant did record Plaintiff's conversations. However, the journal entry does not reference *who* the speaker was—it merely references a telephone conversation regarding the child-rearing opinions of "Papa and Grammy." There is no indication that either "Papa" or "Grammy" was the speaker whose vilification upset

---

[2]Unlike oral communications, wire communications are protected regardless of the speaker's expectation of privacy. *Compare* 18 U.S.C. § 2510(a) *with* § 2510(b); see also *Briggs v. American Air Filter Co., Inc.*, 630 F.2d 414, 417 n.4 (5th Cir. 1980).

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Defendant. Plaintiff also points to the "shoebox full of audiotapes" which Defendant showed to Ms. Glynn and theorizes that because two audiotapes from that shoebox apparently contained recordings of conversations made on Defendant's home telephone line there *might* be other tapes of recordings, and those other tapes *might* include recordings of Plaintiff's conversations. From this, it would be pure speculation to conclude that there was an interception of Plaintiff's wire communications. Because Plaintiff has failed to show that there is a genuine issue of material fact on the essential element of interception, Defendant is entitled to summary judgment.

IT IS SO ORDERED, this 5th day of July, 2006.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
